(42 Misc. Rep. 188.)

### HELLER et al. v. HEINE et al.

(Supreme Court, Appellate Term. December 17, 1903.)

1. SALES—BREACH OF CONTRACT—DAMAGES—EVIDENCE.

In an action for damages for defendants' breach of a contract to sell and deliver linen batiste, evidence reviewed, and *held* sufficient to sustain a verdict in favor of plaintiff.

2. SAME—EVIDENCE.

In an action for breach of a contract for the sale of goods, which defendant denied making, evidence that the goods plaintiff claimed defendant agreed to sell were neither in existence nor in contemplation of manufacture at the time, but that defendants, in good faith, endeavored to secure the goods, and that they had previously acquired goods of that kind for a particular purpose only, was irrelevant.

Appeal from City Court of New York, General Term.

Action by Isidor Heller and another against Arnold B. Heine and another. From a judgment in favor of plaintiffs, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Chas. E. Rushmore and Eldon Bisbee, for appellants.
Chas. G. F. Wahle, for respondents.

BISCHOFF, J. The action was to recover the profits lost to the plaintiffs from the defendants' failure to deliver 44 pieces of linen batiste, part of a lot consisting of 50 pieces which it was claimed the defendants had agreed to sell and deliver to the plaintiffs; and the defendants resisted recovery, maintaining that there was a sale only of 1 piece, with a gratuitous promise upon their part to secure certain 50 pieces additional for the plaintiffs, or as many thereof as were to be had. No claim is here made that there was not sufficient evidence of an agreement for an absolute sale of 50 pieces, as the plaintiffs contended, and the burden of this appeal is mainly that the evidence so strongly preponderated in the defendants' favor that injustice is apparent from a verdict for the plaintiffs.

Isidor Heller, one of the plaintiffs, testified to an oral agreement with Arnold B. Heine, one of the defendants, for the unconditional sale of 50 pieces of linen batiste at 18 cents per yard, one of which (the sample piece) was to be delivered at once, and the remainder, then at St. Gall, at an advance of not more than 3 cents per yard, to cover freight and customs duty. The defendant Arnold B. Heine's version of this conversation was to the effect that there was an absolute sale of the piece delivered; that, upon Heller's inquiry if more of the same goods could be had, he replied that one Weyler,

of St. Gall, had claimed some time previously that he had 50 pieces in stock; and that thereupon the understanding reached was that the defendants should secure, and the plaintiffs would accept and pay for, at the rate of 20 cents per yard, as many of such 50 pieces as they could. This was substantially all the evidence bearing directly upon the disputed agreement. One Cohen, a salesman of defendants, in attempted corroboration of the defendant Heine, testified that he heard the latter say something to the effect of knowing about 50 pieces in Switzerland, and that he would endeavor to secure these for the plaintiffs; but, concededly, the witness took but little part in the conversation, and did not hear it all. The jury accepted the plaintiff Heller's narration of the interview with the defendant Heine as the more accurate, and no plausible ground is afforded us for saying that they erred. True, many circumstances appeared which made it plausible to say that it would have been imprudent for the defendants to make the agreement claimed for the plaintiffs—as, for instance, that the dealing in linen batiste was not in the ordinary course of their business, that they were dependent upon Weyler's delivery to them for the fulfillment of any such agreement, and that they did not know, and could not readily have known, that Weyler had not already disposed of his stock. But even so, these circumstances, communicated or uncommunicated to the plaintiffs at the time of the interview alluded to, did not affect Heller's testimony with any degree of intrinsic improbability to its truthfulness, so that we are justified in saying that it was undeserving of credit, and that the jury erred in accepting it as presenting the correct version of the agreement actually made. The question was one merely of the accuracy of the recollection of two apparently equally credible witnesses, and with the jury's solution of it we should not interfere, except upon graver grounds than are here presented.

Nor do any of the exceptions taken to the exclusion of evidence, and urged for reversal, appear of compelling force. The defendants offered to show that goods such as the plaintiffs claimed the defendants had agreed to sell were neither in existence nor in contemplation of manufacture at the time; that they had, in good faith, endeavored to secure the goods from Weyler; and that they had acquired goods of the kind the plaintiffs claimed to have bought for a particular purpose only. All this was excluded, and properly so. The issue was whether or not the defendants had agreed to sell and deliver 50 pieces of linen batiste of the kind and quality of the piece first delivered, and the evidence was offered to demonstrate the improbability of such an agreement. That they had, in all, delivered but six pieces was admitted; and, obviously, if the agreement was as contended for the plaintiffs, the causes which led to the defendants' failure to fulfill it, if not prevented by the plaintiffs, or the inducement to the defendants' purchase of goods of the kind it was claimed they had agreed to sell to the plaintiffs, could not have the effect of lessening their responsibility to the latter. The evidence excluded, therefore, was irrelevant, since it bore no logical relation to the fact in issue—the agreement. 11 Am. & Eng. Ency. of Law (2d Ed.) 501; Underhill on Evidence, 17. That it would have been imprudent for the defend-

ants to make the agreement claimed for the plaintiffs did not of itself render the agreement an improbable one. Imprudence may proceed from immaturity of experience, from reliance upon a sequence of fortunate escapes, from an unjustifiable degree of self-approval, from overweening confidence in the representations or ability of others, and from a great variety of other causes. Improbability, therefore, is not a fair or legitimate inference or deduction from imprudence alone, and thus imprudence, merely, does not prove or tend to prove improbability. The light shed by the wisdom coming from subsequent knowledge or events may show that a particular act was or would have been an imprudent one, but any argument that the commission of an act is improbable, merely because it would have been imprudent to commit it, proceeds from no reasonable inference or logical deduction, and involves an incursion into the realms of pure speculation or conjecture. It could be argued with equal force that the act was most probable one because it operated advantageously to the other contracting party, and so that proof of such advantages was relevant to the issue as to whether or not the agreement claimed was in fact entered into.

The judgment and order appealed from should be affirmed, with costs. All concur.